UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| QUEST SOFTWARE INC., a Delaware corporation, <br><br>       Plaintiff / Counterclaim-Defendant, <br><br>       v. <br><br> NIKE, INC., an Oregon corporation <br><br>       Defendant / Counterclaimant. | Case No. 3:18-CV-00721-BR <br><br> **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |

## STIPULATION

IT IS HEREBY STIPULATED by and among Plaintiff Quest Software Inc. ("Quest") and Defendant Nike, Inc. ("Nike") (each a "party" and collectively "the parties"), by and through their attorneys for record, that in the above-captioned case, each party intends to request the production of documents or information that the other party expects will be or contain confidential and/or proprietary information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

Specifically, Quest's complaint alleges that Nike has breached a software license and service agreement with Quest, has infringed copyrights owned by Quest, and has violated the Digital Millennium Copyright Act. Nike has counterclaimed against Quest, seeking a declaratory judgment as to the meaning of the agreement, alleging breach by Quest of the same agreement and breach of the covenant of good faith and fair dealing. The parties anticipate that due to the nature of the claims and defenses in the case, confidential and/or proprietary information may be sought in production or used in filings or at trial, including but not limited to: trade secrets; research, technical, commercial or financial information that the possessing party considers to be confidential; information involving software codes and computer access control systems; information concerning the operation of secure enterprise information

technology systems; and personal and private information of individuals who are not party to the litigation.

The parties agree that good cause exists to protect the confidential and proprietary nature of such information contained in documents, communications, interrogatory responses, responses to requests for admission, deposition testimony, motion filings, and trial evidence, including possible loss of value, loss of legally protected status, loss of competitive advantage, and increased vulnerability to hacking and computer abuse were such information publicly disclosed. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

The Court having been advised of such facts and, after due deliberation, enters the following Protective Order.

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

To protect the confidentiality of proprietary and trade secret information contained in documents and other information disclosed in this litigation, the Court orders as follows:

1.     This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, papers and exhibits filed in connection with motions, as well as testimony adduced at trial or other hearings, depositions, matters in evidence and other information that the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action.  As used herein, "disclosing party"

shall refer to the parties to this Protective Order and to non-parties who give testimony or produce documents or other information in this litigation. Any reference to a "motion" herein shall include any informal procedure used by this Court to resolve discovery disputes without the need for a motion.

2.      The following information may be designated as CONFIDENTIAL: trade secrets; research, design, technical, commercial or financial information that is not publicly known; information involving software codes and computer access control systems; information concerning secure enterprise information technology systems; and personal and private information of individuals who are not party to the case contained in any document, discovery response, or testimony.

3.      The following information may be designated as ATTORNEYS' EYES ONLY: information that would fall within the scope of Paragraph 2 but that the disclosing party in good faith reasonably believes to comprise particularly sensitive confidential material that warrants non-disclosure to the receiving party's employees and agents, other than inside counsel to the receiving party, persons employed by the receiving party's inside legal department, and experts retained on behalf of the receiving party, who have agreed in writing to comply with the terms of this Protective Order. Information may only be designated ATTORNEYS' EYES ONLY if the disclosing party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

4.      A disclosing party may also designate materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as the case may be, if they contain information that the disclosing party, in good faith, believes is confidential or proprietary to a third party.

5.      Disclosing parties shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY information as follows:

(a).      In the case of discovery responses and the information contained therein, designation shall be made by the disclosing party placing the following legend on every page of any such document prior to production: CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event that a disclosing party inadvertently fails to stamp or

otherwise designate a document or other information as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, that party shall have ten (10) business days after such production to so stamp or otherwise designate the document or other information.

(b).    In the case of depositions, designation of testimony or exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made either by a statement to such effect by counsel for the disclosing party on the record in the course of the deposition, or a written designation made by the disclosing party within ten (10) days after the court reporter provides a transcript to counsel for the parties. During the ten (10) day period, the transcript shall be treated as if it were designated ATTORNEYS' EYES ONLY, and exhibits shall maintain the designation given at the time of the deposition. If no designation is made during the deposition or within ten (10) business days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY information. If a party wishes to designate portions of a deposition transcript under this Protective Order after a deposition, that party's counsel shall make such designation in writing within ten (10) business days after counsel's receipt of the transcript, listing the numbers of the pages and lines of the transcript, and/or the marked exhibits, containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information. The designation shall be provided by e-mail to counsel for all parties, and, if the information so designated was provided by a third party, to that party and its counsel. The designating reporter shall be instructed to prepare separate transcripts of material designated CONFIDENTIAL, designated ATTORNEYS' EYES ONLY, and not designated, and such transcripts will be provided to the witness for review and signature.

(c).    Transcripts of deposition testimony will not be filed with the Court unless it is necessary to do so for purposes of hearings, trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal in accordance with governing rules.

(d).    Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event such non-paper media is transmitted via email the disclosing party may designate the information produced as CONFIDENTIAL or ATTORNEYS' EYES ONLY by so identifying such media in the email. In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must arrange to stamp each page CONFIDENTIAL or ATTORNEYS' EYES ONLY and the hard copy, transcription or printout shall be treated as it is designated.

6.    If portions of documents or other materials deemed CONFIDENTIAL or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

FILED UNDER SEAL: THIS DOCUMENT SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE STIPULATED PROTECTIVE ORDER

If portions of documents or other materials deemed ATTORNEYS' EYES ONLY or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

ATTORNEYS' EYES ONLY

FILED UNDER SEAL: THIS DOCUMENT SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE STIPULATED PROTECTIVE ORDER

7.      All CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be used solely for the purposes of this litigation, including discovery, motions, trial and hearing preparation, and during trial or hearings and not for any other purpose.

8.      CONFIDENTIAL information shall not be disclosed, except by the prior written consent of the disclosing party or non-party, or pursuant to an order of this Court, to any person other than the following:

(a).      The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record;

(b).      Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters);

(c).      Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d).      Any person not otherwise included in these categories who is an author or recipient of that CONFIDENTIAL material and is being deposed or prepared from deposition, except that such person may only be shown copies of CONFIDENTIAL information during his/her testimony, and may not retain a copy of such CONFIDENTIAL information;

(e).      An Independent Expert who is expressly retained or sought to be retained by any outside attorney described in paragraph 9(a);

(f).     The parties and their employees who are required to work directly on this litigation, with disclosures only to the extent necessary to perform such work.

(g).     Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent reasonably necessary to support outside counsel or otherwise further this litigation.

9.     ATTORNEYS' EYES ONLY information shall not be disclosed, except by the prior written consent of the disclosing party or non-party, or pursuant to an order of this Court, to any person other than the following:

(a).     The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record.

(b).     Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters).

(c).     Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d).     Any person who is an author or recipient of that ATTORNEYS' EYES ONLY material.  Any employee of the party producing such materials may be shown copies of such material during his or her testimony, but may not retain a copy of such information following the deposition;

(e).     Any person who is expressly retained or sought to be retained by any outside attorney described in paragraph 9(a) to provide expert assistance in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work (an "Independent Expert").

(f).     Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent reasonably necessary to support outside counsel or otherwise further this litigation.

(g).     Attorneys who are employed by the parties solely as inside legal counsel and employees of the parties who work exclusively for the inside legal departments of those parties.

10.    Nothing herein shall restrict the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the disclosing party by the disclosing party.

11.    Prior to disclosure of any CONFIDENTIAL information to any persons in paragraphs 8(d), 8(e), 8(f), and 8(g), and prior to disclosure of any ATTORNEYS' EYES ONLY information to any persons in paragraphs 9(d), 9(e), 9(f), and 9(g), the procedure set forth in paragraph 12 and, if applicable, paragraph 13 shall be followed.

12.    Prior to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to persons in paragraphs 8(d), 8(e), 8(f), 8(g), 9(d), 9(e), 9(f), and 9(g), the outside counsel of record in this litigation for the receiving party shall advise each person that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY, can only be discussed with persons authorized by this Protective Order to view the material and can only be used for purposes of this litigation.  Such advice need only be made once to each such person, provided that it is made clear that the advice applies to all future similar disclosures.  Outside counsel for the receiving party shall obtain and retain, but need not disclose to the disclosing party, a copy of a signed Confidentiality Undertaking of each person to whom disclosure is made under paragraphs 8(d), 8(e), 8(f), 8(g), 9(f), and 9(g).  Outside counsel for the receiving party shall retain and disclose to the other party a copy of a signed Confidentiality Undertaking of each person to whom disclosure is made under paragraph 8(e) and 9(e).  The Confidentiality Undertaking, which shall be in the form as illustrated in Appendix A hereto, shall acknowledge that that the person has read and understands this Protective Order, agrees to comply with this Protective Order, agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information will be used only to assist in this litigation, and agrees not to disclose or discuss CONFIDENTIAL or ATTORNEYS' EYES ONLY information with any person other than those authorized by this Order to view the material and to use it only for the purposes of this litigation.

13.    At least seven (7) calendar days before disclosure of information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to an Independent Expert under Paragraph 8(e) or 9(e), the receiving party must provide to the disclosing party the Independent Expert's (1)

current curriculum vitae or resume, (2) current employment, (3) list of any prior work for any party (including any parents or subsidiaries) or any past or present competitor of any party. If the disclosing party does not object to the disclosure in writing within seven (7) calendar days of receiving the foregoing information, then the disclosing party shall be deemed to have consented to the disclosure. If the disclosing party does object to the disclosure as provided above, the disclosure shall not be made to the Independent Expert unless the objection is either resolved between the parties or rejected by the Court following a motion for protective order, as the case may be. Any objection to disclosure of information to an Independent Expert must set forth the specific factual basis for the objection. If an objection is not resolved by way of informal conferences or correspondence, the disclosing party objecting to disclosure of information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to an Independent Expert may file a motion for a protective order within seven (7) calendar days after conclusion of the informal conferences or correspondence not resolving the objection, and shall bear the burden of showing why disclosure should not be permitted. If such a motion is not timely filed, the objection on those grounds shall be deemed waived. However, a disclosing party may promptly object in writing to an Independent Expert's continued access to or use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information where facts subsequently obtained by the disclosing party provide the basis for a good faith objection.

14.    A party shall not be obligated to challenge the propriety of another party or a nonparty's CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before five (5) business days after the disclosing party is served with said written notice.

15.     Failure of counsel to designate or mark any document, thing, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information as provided above shall not preclude the disclosing party from thereafter in good faith making such designation and requesting the receiving party to so mark and treat such documents and things so designated even after the expiration of the ten (10) business days designation period described in paragraph 5(a). In such case, the receiving party shall make reasonable efforts to assure that the materials are treated in accordance with the provisions of this Order but shall not incur liability for disclosures or uses of such materials made prior to notice of such new designations.

16.     If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall promptly bring all pertinent facts relating to such disclosure to the attention of counsel of record for all parties, without prejudice to other rights and remedies of any party, and shall make reasonable efforts to prevent further disclosure by it or by the person who was the recipient of such information.

17.     Whenever information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Protective Order is to be discussed by a party or otherwise to be disclosed in a deposition or pre-trial proceeding, the disclosing party may exclude from the room any person, other than persons designated in paragraphs 8 or 9 as entitled to receive such information, as appropriate, for that portion of the deposition or pretrial proceeding.  Before discussing or otherwise disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information at any hearing or at trial, any party other than the disclosing party for that information must give advance notice to the disclosing party.  Upon request by the disclosing party, and subject to applicable legal standards relating to the right of access to in-court proceedings, the Court may exclude such persons from all or part of a hearing or trial. Nothing in this Protective Order is intended to prevent a disclosing party or its employees from having access to or being examined regarding the disclosing party's own documents and information.

18.     Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(d), the unintended

disclosure by one party (through inadvertence, mistake, accident, or other error) of the substance of any document or communication entitled to protection under the attorney-client privilege or attorney work-product doctrine shall not constitute a waiver of such protection as to that document or communication or the subject matter of that, or related, documents or communications.    If during the discovery process in this case either party unintentionally discloses a document or communication that the party later determines was entitled to protection as being privileged or attorney work-product, the disclosing party may, not more than ten (10) calendar days after discovering the unintended disclosure, provide notice to the receiving party requesting the return or destruction of the document or communication and all copies thereof. Such a notice must be made in writing, must identify the document or communication with sufficient particularity to permit it to be located by the receiving party, and must identify the basis for the privilege or attorney work-product claimed.

19.    If the receiving party agrees that the document or communication identified by the disclosing party is privileged or attorney work-product (without regard to its production), (a) in the case of documents, the document and all copies in possession of the receiving party shall promptly be returned to the disclosing party, permanently deleted or destroyed, at the election of the disclosing party, and no reference to such document shall be made in connection with the proof of the facts in this dispute, and (b) in the case of communications, all recordings and notes of the communication in possession of the receiving party shall be permanently deleted or destroyed.

20.    If the party that receives a notice pursuant to paragraph 18 objects to the claim that the document or communication was protected by privilege or is attorney work-product, then it shall so notify the disclosing party in writing, within five (5) calendar days of receiving written notice of the disclosing party's asserted privilege or work product protection.    In such event, the disclosing party may move the Court to resolve the status of the document or communication, within ten (10) days of receiving the objection notice.    During the pendency of that motion, the receiving party and any person to whom the receiving party has disclosed the document or

communication shall not use it or disclose it to any other person, other than in connection with the disclosing party's motion. Any filing with the Court shall be made under seal or under such procedures as the Court may direct that will protect the confidentiality of the document or communication at issue. If the Court finds that the document or communication is entitled to protection (without regard to the fact of production), then the receiving party shall promptly return the document or communication and all known copies or notes or records thereof to the disclosing party and destroy or permanently delete all electronic copies (except that counsel of record for the receiving party may retain one copy of the document or communication solely for purposes of seeking appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts or pursuit of judgment or settlement in this case.

21.    In the event that a party is required by a valid discovery request in this litigation to produce information in its possession, custody, or control that is subject to a confidentiality obligation to or a confidentiality agreement with a non-party, then the party from whom discovery is sought shall:

> (a).    Promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

> (b).    Promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (c).    Make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within five (5) business days of receiving the notice and accompanying information, the receiving party shall produce the non-party's information responsive to the discovery request, subject to other appropriate, good faith objections. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement or obligation with the non-party before a determination by the Court. The non-party

shall bear the burden or persuasion and expense of seeking protection in this Court of its protected material.

22.    Upon the request of the disclosing party, within 60 days after the entry of a final judgment or dismissal no longer subject to appeal on the merits of this case, the receiving party and any person who received confidential information as authorized by this Protective Order shall return to the disclosing party or destroy all information and documents of the disclosing party subject to this Protective Order, including all copies. If a disclosing party requires the return of original materials, it shall pay the reasonable costs of assembly and return. Notwithstanding anything else in this Protective Order, outside counsel of record for a party may retain one archival copy of all documents and information subject to this Protective Order and a reasonable number of copies of court filings which contain such documents and information.

23.    Nothing in this Protective Order shall restrict the disclosure or use of any information or documents lawfully obtained by the receiving party (a) through means or sources outside of this litigation, (b) for this litigation from a person not asserting or under a duty to assert confidentiality, or (c) from publicly accessible sources (including information disclosed in open court or actually obtained by reverse engineering or analysis). Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

24.    Nothing herein shall prevent any party from moving the court for modification of this Protective Order for good cause.

25.    Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

26.    Nothing herein shall be deemed to constitute a waiver of any objection that a disclosing party may have to any discovery request or deposition question. Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from the Court.

## **ORDER**

The Stipulated Protective Order is APPROVED.

IT IS SO ORDERED.


DATED this 19th day of September, 2018.

ANNA J. BROWN
United States Senior District Judge

RESPECTFULLY SUBMITTED this 18th day of September, 2018, by,

STOKES LAWRENCE, P.S.                    STOEL RIVES LLP

By: /s/ Bradford J. Axel                 By: /s/ B. John Casey
Thomas A. Lerner (OSB No. 804626)        B. John Casey, OSB No. 120025
Bradford J. Axel (admitted *pro hac vice*)   760 SW Ninth Avenue, Suite 3000
Elizabeth A. Findley (admitted *pro hac vice*)   Portland, Oregon 97205
1420 Fifth Avenue, Suite 3000            Telephone:  (503) 224-3380
Seattle, Washington 98107                Facsimile:  (503) 220-2480
Telephone:  (206) 626-6000               *john.casey@stoel.com*
Facsimile:  (206) 464-1496
*tom.lerner@stokeslaw.com*
*bradford.axel@stokeslaw.com*            Andrew L. Deutsch (admitted *pro hac vice*)
*elizabeth.findley@stokeslaw.com*        DLA PIPER LLP
                                         2000 Avenue of Stars
Annette L. Hurst (admitted *pro hac vice*)   Los Angeles, California 90067
Nathan Shaffer (admitted *pro hac vice*)     Telephone:  (310) 595-3000
ORRICK, HERRINGTON & SUTCLIFFE           Facsimile:  (310) 595-3030
LLP                                      *andrew.deutsch@dlapiper.com*
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700               Francis W. Ryan (admitted *pro hac vice*)
Facsimile:  (415) 773-5759               Kerry A. O'Neill (admitted *pro hac vice*)
*ahurst@orrick.com*                      DLA PIPER LLP
*nshaffer@orrick.com*                    1251 Avenue of the Americas
                                         New York, New York 10020
Attorneys for Plaintiff Quest Software Inc.   Telephone:  (212) 335-4850
                                         Facsimile:  (212) 335-4501
                                         *frank.ryan@dlapiper.com*
                                         *kerry.oneill@dlapiper.com*

                                         Attorneys for Defendant Nike, Inc.

## **APPENDIX A**

[Follows on next page]

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC., a Delaware corporation,<br><br>       Plaintiff / Counterclaim-Defendant,<br><br>       v.<br><br>NIKE, INC., an Oregon corporation<br><br>       Defendant / Counterclaimant. | Case No. 3:18-CV-00721-BR<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, _____ , declare that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____

_____.

4.    I have carefully read and received a copy of the Protective Order entered in this action on _____.

5.    I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information contained in the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

6.    I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

7.    I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this _____ day of _____, 201_.

_____
*(Signature)*

_____
*(Name)*